IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JARRON DARVEZ JACKSON, | ) | |
| Petitioner, | ) | Civil Action No. 15-7 Erie |
| | ) | |
| v. | ) | Judge Barbara Rothstein |
| WARDEN ORLANDO HARPER, | ) | Magistrate Judge Susan Paradise Baxter |
| et al., | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

Pending before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Jarron Darvez Jackson. (ECF No. 5). The Court may dismiss it prior to service if it plainly appears on its face that Jackson is not entitled to relief in habeas. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases (which is applicable to § 2241 cases). That is the case here. Therefore, it is recommended that the petition be summarily dismissed without service.

**II.   REPORT**

**A.   Background**

In November 13, 2012, a federal grand jury sitting in the Western District of Pennsylvania returned a one-count indictment against Jackson at Docket No. 1:12-cr-69. It charged him with the crime of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (ECF Nos. 1 & 2 at Docket No. 1:12-cr-69 (W.D. Pa.)). An arrest warrant was issued on November 13, 2011. Jackson remained a fugitive until he was arrested in the District of Massachusetts. While a fugitive, he was charged on February 14, 2013, in Springfield, Massachusetts with, among other charges, giving a false address with intent to hinder a police officer's duty; carrying a dangerous weapon; and being a fugitive

1

from justice. (See ECF No. 55 at Docket No. 1:12-cr-69). Jackson was transported to Pennsylvania and arraigned in this Court on April 18, 2013. (ECF Nos. 8 & 9 at Docket No. 1:12-cr-69). He appeared before me and entered a plea of not guilty. After conducting a detention hearing, I ordered that he be detained pre-trial because the evidence presented at the hearing established that there was probable cause to believe that he committed the offense and that there was a serious risk that he would not appear and that he would endanger the safety of another person or the community if he was not detained. (ECF No. 14 at Docket No. 1:12-cr-69).

On April 7, 2014, Jackson appeared before the Honorable David Cercone and changed his plea to guilty on the single count of the indictment. (ECF No. 35 at Docket No. 1:12-cr-69). After Judge Cercone scheduled sentencing, Jackson filed a motion to withdraw his guilty plea. (ECF No. 50 at Docket No. 1:12-cr-69). While that motion was pending, Jackson filed this separate civil action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As relief in this habeas proceeding, Jackson seeks an order from this Court that grants him "total exoneration and acquittal[,]" and voids the federal detainer. (ECF No. 5 at 15).[1]

On May 14, 2015, Judge Cercone issued an Order in which he denied Jackson's motion to withdraw his guilty plea. (ECF No. 63 at Docket No. 1:12-cr-69). On May 27, 2015, Judge Cercone issued the Judgment in Jackson's criminal case and sentenced him to a term of imprisonment of 92 months to be followed by three years of supervised release. (ECF No. 73 at Docket No. 1:12-cr-69).

---

[1] Jackson also seeks "monetary damages if necessary." (ECF No. 5 at 15). Money damages are not available in a habeas corpus action. See, e.g., Preiser v. Rodriguez, 411 U.S. 475 (1973); Marine v. Quintana, 347 F.App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action).

2

**B.     Discussion**

Jackson's § 2241 habeas petition should be dismissed pre-service. He incorrectly states in his petition that he is a "pre-trial detainee" and complains about the decision to detain him pre-trial. Jackson is not presently a pre-trial detainee, and was not one at the time he filed this habeas action. When he commenced this case he was a convicted felon awaiting sentencing, and he now has had his sentenced imposed upon him.

In addition, none of the other claims that Jackson raises in his petition are cognizable in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which confers jurisdiction on a district court to consider a post-sentence habeas petition by a federal prisoner who is "challenging *not the validity but the execution of his sentence*[,]" McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010) (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (emphasis added)), such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).[2] Jackson alleges that his former attorney in his criminal case provided him with ineffective assistance of counsel. He also complains about his arrest and the police interrogation of him. If he can litigate those claims at all, it is in his underlying criminal case and/or in a collateral motion filed pursuant to 28 U.S.C. § 2255 – not in a § 2241 habeas petition. Jackson also

---

2     "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee, 627 F.3d at 935. That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, as set forth above, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Id. (quoting Coady, 251 F.3d at 485). A habeas corpus action pursuant to § 2241 must be brought in the custodial court – the federal district court in the district the prisoner is incarcerated – not the district court where the prisoner was tried and sentenced.

asserts that he has been assaulted in the jail, denied medical and mental health care, and complains about his access to the law library and contends that he has been retaliated against for filing grievances. Because Jackson cannot challenge the conditions of his confinement in a habeas action, see, e.g., McGee, 627 F.3d at 936 (citing Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002)), these claims must be summarily dismissed as well.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed.[3]

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Jackson is allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: May 28, 2015 　　　　　　　　　　/s/ Susan Paradise Baxter
　　　　　　　　　　　　　　　　　　　　SUSAN PARADISE BAXTER
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[3] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B).